IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA HUFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: 2:06-cv-00267-CSC |
| v. ) | |
| ) | |
| FORTIS BENEFITS ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ANSWER OF UNION SECURITY INSURANCE COMPANY

Defendant Union Security Insurance Company, improperly named in the Complaint as Fortis Benefits Insurance Company, ("Union Security"), hereby answers plaintiff's complaint and asserts defenses as follows:

### Jurisdiction

1.  Union Security lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, therefore, denies those allegations.

2.  Upon information and belief, admitted.

3.  Upon information and belief, admitted.

4.  Union Security admits that this Court (the United States District Court for the Middle District of Alabama, Northern Division) has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

### General Allegations

5.  Upon information and belief, admitted.

824452.1

6. Upon information and belief, Union Security admits that plaintiff ceased work on July 28, 2003. Union Security lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

7. Denied.

8. Union Security admits that the material duties of plaintiff's occupation as a nursing aide include: observe patients' conditions; administer medications and treatments; answer patients' calls; answer phones or direct visitors; clean rooms; change linens; and perform clerical duties. Union Security denies the remaining allegations of this paragraph.

9. Union Security admits that a person must be disabled as that term is defined by the subject policy for 180 continuous days (which is known as the elimination period) in order to be eligible for long-term disability benefits. Union Security further admits that the definition of disability under the subject policy is as follows:

> An Employee will be deemed Disabled if due to Injury or Sickness he is unable to perform all the material duties of his regular occupation; and after Monthly Benefits for Disability have been payable for 24 months, he is unable to perform all the material duties of an occupation for which he is or may reasonably become qualified based on his education, training or experience. An Employee will not be deemed Disabled if he is in fact engaged in any occupation for wage or profit.

Union Security further admits that the capitalized terms in the above definition of disability are specifically defined by the subject policy.

10. Upon information and belief, Union Security admits that plaintiff ceased work on July 28, 2003. Union Security further admits that plaintiff received short term disability benefits for a period of time. Union Security further admits that it denied plaintiff's claim for long term disability benefits in a letter dated March 2, 2004 because plaintiff was not disabled as that term is defined in the subject policy through the entire 180-day elimination period. Union Security

further admits that, on administrative appeal, Union Security affirmed its denial of plaintiff's claim in a letter dated June 7, 2005 because plaintiff was not disabled as that term is defined in the subject policy through the entire 180-day elimination period.

11.     Denied.

12.     Union Security admits that it denied plaintiff's claim for long term disability benefits because she was not disabled as that term is defined in the subject policy through the entire 180-day elimination period. Union Security further admits that plaintiff has exhausted her ERISA administrative remedies.

13.     Denied.

14.     Union Security admits that plaintiff did not have to hire an attorney to pursue her ERISA administrative appeal. Upon information and belief, Union Security further admits that plaintiff apparently has hired an attorney to prosecute this lawsuit. Union Security lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

15.     Denied.

In response to the unnumbered paragraph beginning "WHEREFORE," Union Security denies that plaintiff is entitled to any relief whatsoever from Union Security.

To the extent that any allegations have not been expressly admitted, they are denied.

## DEFENSES

1.      Plaintiff's claims are governed by ERISA.

2.      The plan under which plaintiff is seeking benefits is an employee welfare benefit plan governed by ERISA.

3.      Plaintiff failed to meet her burden of proving eligibility for benefits.

4. The decision to deny benefits was not "wrong."

5. Plaintiff's Complaint and each count thereof fails to state a claim upon which relief can be granted.

6. Plaintiff's claims against Union Security are preempted by ERISA.

7. Plaintiff's relief, if any, from Union Security is limited to relief available under ERISA.

8. Plaintiff's claims are subject to all terms and conditions of the policy at issue in this lawsuit.

9. Union Security avers that the denial of plaintiff's claim for long term disability benefits was not incorrect and/or arbitrary and capricious and avers that payment of plaintiff's claim for long term disability benefits, if ordered by the Court, would be a violation of the terms of the subject policy.

10. At all times material to the Complaint, Union Security acted in good faith in its dealings with plaintiff.

11. Plaintiff is not entitled to an award of attorney's fees, interest, and/or costs of this action.

12. Union Security avers that plaintiff's claim for long term disability benefits is not due to be paid under ERISA.

13. Some or all of Plaintiff's claims are barred by the doctrines of unjust enrichment, absence of duty, estoppel, failure to mitigate damages, waiver, and/or failure of condition precedent.

14. Union Security reserves the right to assert additional defenses as they become known.

WHEREFORE, Union Security requests that plaintiff take nothing by her Complaint and that Union Security be awarded its attorneys' fees pursuant to 29 U.S.C. § 1132(g), and such other relief to which it may show itself to be entitled.

DATED this 28th day of March, 2006.

Respectfully submitted,

s/Christopher L. Yeilding
Christopher L. Yeilding
ASB-4901-p62y
Attorney for Union Security Life
Insurance Company
BALCH & BINGHAM LLP
1710 6th Avenue North
Birmingham, Alabama 35203
Phone: 205-226-8728
Fax: 205-226-8798
Email: cyeilding@balch.com

**OF COUNSEL:**

Steven F. Casey
Christopher L. Yeilding
BALCH & BINGHAM LLP
P.O. Box 306
Birmingham, Alabama 35201
Phone: (205) 251-8100
Fax: (205) 226-8789

824452.1

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Willson Jenkins (willson@jandjattorneys.com)

                                              Respectfully submitted,

                                              s/Christopher L. Yeilding
Christopher L. Yeilding
ASB-4901-p62y
Attorney for Union Security Insurance Company
BALCH & BINGHAM LLP
1710 6th Avenue North
Birmingham, Alabama 35203
Phone: 205-226-8728
Fax: 205-226-8798
Email: cyeilding@balch.com