# EXHIBIT

# A

| State of Alabama Unified Judicial System | COVER SHEET CIRCUIT COURT - CIVIL CASE (Not For Domestic Relations Cases) | Case Number CV-06-320 |
|---|---|---|
| Form ARCivP-93  Rev. 5/99 | | Date of Filing: Month Day Year   Judge Code: BH |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF **MONTGOMERY COUNTY**, ALABAMA
(Name of County)

**Barbara Huffman** v. **Fortis Benefits Insurance Co.**
Plaintiff                                                         Defendant

First Plaintiff:  ☐ Business  ☒ Individual  ☐ Government  ☐ Other
First Defendant: ☒ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☒ CVXX - Miscellaneous Circuit Civil Case — **ERISA**

**ORIGIN** (check one):
- ☒ INITIAL FILING
- ☐ REMANDED
- ☐ APPEAL FROM DISTRICT COURT
- ☐ TRANSFERRED FROM OTHER CIRCUIT COURT
- ☐ OTHER:

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES  ☒ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:** ☒ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE: T H O 1 8 4
Date: 2/1/06
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES  ☐ NO  ☒ UNDECIDED

AVSO-50

ALABAMA JUDICIAL DATA CENTER
MONTGOMERY COUNTY

SUMMONS

CV 2006 000320.0

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

BARBARA HUFFMAN VS FORTIS BENEFITS INSURANCE COMPANY

SERVE ON: (D001)

SSN: 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

FORTIS BENEFITS INSURANCE COMP
% RICHARD CATER - AGENT
201 MONROE ST #1700
MONTGOMERY    ,AL   36104-3735

PLAINTIFF'S ATTORNEY

THOMAS PATRICK JASON
117 MOBILE PLAZA

FLORENCE    ,AL   35630-0000

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

( ) TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

(✓) THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 02/15/2006

CLERK: MELISSA RITTENOUR
P O BOX 1667
MONTGOMERY   AL   36102-1667
(334)832-1266

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Postage  $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees  $

Postmark
Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Richard Cater for Fortis Benefits
Street, Apt. No.; or PO Box No.
201 Monroe St., Ste. 1700
City, State, ZIP+4
Montgomery, AL 36104-3735

THIS OFFICE ON (DATE) _____

VERED A COPY OF THE SUMMONS AND

NTY, ALABAMA ON (DATE) _____

SERVER SIGNATURE

TYPE OF PROCESS SERVER

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

BARBARA HUFFMAN, )
)
3884 Governors Drive, Apt. J308 )
Montgomery, Alabama 36116, )
)
Plaintiff, )
)
v. ) CASE NO.: CV-06-320
)
FORTIS BENEFITS INSURANCE )
COMPANY, )
)
c/o RICHARD CATER, )
Suite 1700, 201 Monroe Street )
Montgomery, Alabama 36104-3735, )
)
Defendant. )

## COMPLAINT

### JURISDICTION

1. Plaintiff, Barbara Huffman, is a resident citizen of the State of Alabama and resides at 3884 Governors Drive, Apartment J308, Montgomery, Alabama, 36116.

2. Hillview Terrace provides short-term and long-term disability benefits to its employees through an insurance policy purchased from Protective Life Insurance Company. The policy number is 700645. Protective Life Insurance Company assigned the administrative responsibility to the defendant, Fortis Benefits Insurance Company, (hereinafter referred to as "Fortis") to administer and adjudicate claims for disability benefits under the policy.

3. Hillview Acquisition Corporation, d/b/a Hillview Terrace, employed the plaintiff as a Certified Nursing Assistant at its facility located in Montgomery, Alabama, at 100 Perryhill Road, Montgomery, Alabama, 36109.

4. This court has concurrent subject matter jurisdiction of this case pursuant to *29 USC §1132(e)(1)*, and venue is proper in this county.

**GENERAL ALLEGATIONS**

5. Plaintiff, Barbara Huffman, was employed by Hillview Terrace as a Certified Nursing Assistant (CNA) at its facility located in Montgomery, AL.

6. As a result of the plaintiff's disability, her last day of work was July 28, 2003.

7. The plaintiff became disabled as a result of fibromyalgia, with significant arthralgias and myalgias, as well as chronic fatigue syndrome. The plaintiff has arthritis in her hands with swelling and a B-12 deficiency. As a result of complications from the plaintiff's disability, she would only be able to stand approximately two (2) hours, but no more than thirty (30) minutes at one time, during an eight (8) hour workday. Further, the plaintiff would need to rest for approximately one (1) hour, in addition to her normal lunch and afternoon break.

8. As a result of her disability, the plaintiff was/is unable to perform the material and substantial duties of her occupation. In particular, the plaintiff cannot perform the essential job functions of a CNA. The essential job functions of a CNA include assisting the residents of Hillview Terrace with "activities of daily living," to wit: bathing, dressing, bowel and bladder function and transferring and positioning the patients in and out of beds, chairs, wheelchairs, and showers. The plaintiff is also disabled from any occupation.

9. Under the long-term disability policy administered by Fortis, to qualify for LTD benefits, a person must have a disability, or be disabled, during the elimination period, or for 180 continuous days. The policy defines "disability" as follows:

> An employee will be deemed Disabled if due to injury or sickness he is unable to perform all the material duties of his regular occupation; and after monthly benefits for disability have been payable for twenty-four (24) months, he is unable to perform all the material duties of an occupation for which he is or may become reasonably qualified

2

based on his education, training or experience. An employee will not be deemed disabled if he is engaged in any occupation for wage or profit.

10. The plaintiff ceased work due to her disability on July 28, 2003. The plaintiff received short-term disability benefits until January 27, 2004. The plaintiff claimed LTD benefits and Fortis denied her claim, as per the denial letter dated March 2, 2004. The plaintiff appealed the denial, as per policy procedures, but to no avail: Fortis denied plaintiff's second appeal on June 7, 2005. Fortis stated that the plaintiff was not disabled through the 180-day elimination period.

11. The plaintiff was continuously disabled from July 28, 2003 through the 180-day elimination period due to the effects of fibromyalgia and chronic fatigue syndrome. The plaintiff is disabled under the policy's definition and, from January 27, 2004, the plaintiff should have received LTD benefits as per the policy.

12. The defendant denied all benefits due under the policy. The plaintiff exhausted all administrative remedies, both formal and informal, under the policy.

13. The plaintiff has no other option except to file this action for benefits due under the terms of the policy, including LTD benefits since January 2004.

14. The plaintiff has had to hire an attorney to help her prosecute this case.

15. The plaintiff is entitled to monthly disability benefits under the terms of the policy pursuant to *29 U.S.C. 1132(a)(1)(B)*.

**WHEREFORE THE PREMISES CONSIDERED**, the Plaintiff prays for judgment to be entered in favor of the plaintiff and against the defendant for past due LTD benefits due under the terms of the policy pursuant to *29 U.S.C. § 1132(a)(1)(B)*; for an Order to continue LTD benefits provided the plaintiff remains disabled under the terms of the policy pursuant to *29*

3

U.S.C. § 1132(a)(1)(B); for an award of interest on back-due benefits under 29 U.S.C. § 1132(a)(1)(B); for reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g); and for any other appropriate equitable relief or any other relief provided by ERISA, 29 U.S.C. § 1001, et seq.

R. Willson Jenkins
Attorney for Plaintiff

Patrick J Thomas
Attorney for Plaintiff

OF COUNSEL:
Jester & Jenkins
117 Mobile Plaza
Florence, AL 35630
256-764-3941

**NOTE:**

Please serve the defendant by certified mail, return receipt requested as follows:

Mr. Richard Cater
Suite 1700, 201 Monroe Street
Montgomery, AL 36104-3735

4