IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA HUFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:06cv67-CSC |
| ) | |
| UNION SECURITY INSURANCE ) | |
| COMPANY, f/k/a FORTIS ) | |
| INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

## PROPOSED FIRST AMENDED COMPLAINT

### JURISDICTION

1. Plaintiff, Barbara Huffman, is a resident citizen of the State of Alabama and resides at 3884 Governors Drive, Apartment J308, Montgomery, Alabama, 36116.

2. Hillview Terrace provides short-term and long-term disability benefits to its employees through an insurance policy purchased from Protective Life Insurance Company. The policy number is **700645**. Protective Life Insurance Company assigned the administrative responsibility to the defendant, Union Security Insurance Company, formerly known as Fortis Benefits Insurance Company, (hereinafter referred to as "Union Security") to administer and adjudicate claims for disability benefits under the policy.

3. Hillview Acquisition Corporation, d/b/a Hillview Terrace, employed the plaintiff as a Certified Nursing Assistant at its facility located in Montgomery, Alabama, at 100 Perryhill Road, Montgomery, Alabama, 36109.

4. This court has concurrent subject matter jurisdiction of this case pursuant to *29 USC §1132(e)(1)*, and venue is proper in this county.

### GENERAL ALLEGATIONS

5.  Plaintiff, Barbara Huffman, was employed by Hillview Terrace as a Certified Nursing Assistant (CNA) at its facility located in Montgomery, AL.

6.  As a result of the plaintiff's disability, her last day of work was July 28, 2003.

7.  The plaintiff became disabled as a result of fibromyalgia, with significant arthralgias and myalgias, as well as chronic fatigue syndrome. The plaintiff has arthritis in her hands with swelling and a B-12 deficiency. As a result of complications from the plaintiff's disability, she would only be able to stand approximately two (2) hours, but no more than thirty (30) minutes at one time, during an eight (8) hour workday. Further, the plaintiff would need to rest for approximately one (1) hour, in addition to her normal lunch and afternoon break.

8.  As a result of her disability, the plaintiff was/is unable to perform the material and substantial duties of her occupation. In particular, the plaintiff cannot perform the essential job functions of a CNA. The essential job functions of a CNA include assisting the residents of Hillview Terrace with "activities of daily living," to wit: bathing, dressing, bowel and bladder function and transferring and positioning the patients in and out of beds, chairs, wheelchairs, and showers. The plaintiff is also disabled from any occupation.

9.  Under the long-term disability policy administered by Union Security, to qualify for LTD benefits, a person must have a disability, or be disabled, during the elimination period, or for 180 continuous days. The policy defines "disability" as follows:

> An employee will be deemed Disabled if due to injury or sickness he is unable to perform all the material duties of his regular occupation; and after monthly benefits for disability have been payable for twenty-four (24) months, he is unable to perform all the material duties of an occupation for which he is or may become reasonably become qualified based on his education, training or experience. An employee will not be deemed disabled if he is engaged in any occupation for wage or profit.

10. The plaintiff ceased work due to her disability on July 28, 2003. The plaintiff received short-term disability benefits until January 27, 2004. The plaintiff claimed LTD benefits and Union Security denied her claim, as per the denial letter dated March 2, 2004. The plaintiff appealed the denial, as per policy procedures, but to no avail: Union Security denied plaintiff's second appeal on June 7, 2005. Union Security stated that the plaintiff was not disabled through the 180-day elimination period.

11. The plaintiff was continuously disabled from July 28, 2003 through the 180-day elimination period due to the effects of fibromyalgia and chronic fatigue syndrome. The plaintiff is disabled under the policy's definition and, from January 27, 2004, the plaintiff should have received LTD benefits as per the policy.

12. The defendant denied all benefits due under the policy. The plaintiff exhausted all administrative remedies, both formal and informal, under the policy.

13. The plaintiff has no other option except to file this action for benefits due under the terms of the policy, including LTD benefits since January 2004.

14. The plaintiff has had to hire an attorney to help her prosecute this case.

15. The plaintiff is entitled to monthly disability benefits under the terms of the policy pursuant to *29 U.S.C. 1132(a)(1)(B)*.

**WHEREFORE THE PREMISES CONSIDERED,** the Plaintiff prays for judgment to be entered in favor of the plaintiff and against the defendant, Union Security, for past due LTD benefits due under the terms of the policy pursuant to *29 U.S.C. § 1132(a)(1)(B)*; for an Order to continue LTD benefits provided the plaintiff remains disabled under the terms of the policy pursuant to *29 U.S.C. § 1132(a)(1)(B)*; for an award of interest on back-due benefits under *29 U.S.C. § 1132(a)(1)(B)*; for reasonable attorney's fees and costs pursuant to *29 U.S.C. § 1132(g)*;

3

and for any other appropriate equitable relief or any other relief provided by ERISA, *29 U.S.C. § 1001, et seq.*

                  /s/ Willson Jenkins
                  R. Willson Jenkins
                  Attorney for Plaintiff

                  /s/ Patrick Thomas
                  Patrick J Thomas
                  Attorney for Plaintiff

OF COUNSEL:
Jester & Jenkins
117 Mobile Plaza
Florence, AL 35630
256-764-3941

## CERTIFICATE OF SERVICE

I hereby certify that on this the  19th  day of June, 2006, I served the following by U.S. Mail, postage prepaid and properly addressed, upon the following:

Christopher Yeilding
Balch & Bingham, LLP
1710 Sixth Ave., North
Birmingham, AL 35203

                  /s/ Willson Jenkins
                  Willson Jenkins